IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF NEBRASKA, and | ) | |
| UNEMED CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | 4:09CV3075 |
| | ) | |
| v. | ) | |
| | ) | |
| SIEMENS HEALTHCARE | ) | MEMORANDUM AND ORDER |
| DIAGNOSTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff's complaint was filed on April 20, 2009. The defendant's motion to extend the response deadline was continued to September 24, 2009, (see, text order 17); to October 26, 2009 (filing no. 21); and to November 2, 2009 (filing no. 27). The parties have now jointly moved to extend the deadline for filing an Answer or Motion under Federal Rule of Civil Procedure 12(b) or (e) to November 23, 2009. (Filing No. 28).

IT IS ORDERED:

1)   The parties' joint motion to continue, (filing no. 28), is granted, and the deadline for filing an Answer or Motion under Federal Rule of Civil Procedure 12(b) or (e) is extended to November 23, 2009.

2)   Absent an evidentiary showing of good cause, no further extensions of the Answer or Response deadline will be granted.

3)   Attached is a "Report of Parties' Rule 26(f) Planning Conference." Counsel are directed to meet and confer and file the report by December 08, 2009. The Rule 26(f) report will provide the basis for preparing the

final scheduling order in this case.  The Clerk's office shall set a case management deadline for this report.

DATED this 4th day of November, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | : CV |
| | ) | |
| v. | ) | REPORT OF PARTIES' RULE 26(f) |
| | ) | PLANNING CONFERENCE |
| | ) | |
| Defendant. | ) | |

Counsel for the parties met on _____ in person/by telephone.
Representing plaintiff was _____; representing defendant was
_____. The parties discussed the case and jointly (except as noted below)
make the following report:[1]

I.    Initial Matters:

    A.    <u>Jurisdiction and Venue</u>: The defendant does _____ does not _____ contest
jurisdiction and/or venue.  If contested, such position is because:

        1.    Jurisdiction: _____.

        2.    Venue: _____.

    B.    <u>Immunity</u>: The defendant has raised _____ will _____ will not _____ raise an
immunity defense.  If so:

        1.    Basis of Immunity Defense: _____.

---

[1]Counsel are advised to use caution in filing this report as well as other
documents so there is no disclosure of information required by the E-Government Act
of 2002 to be kept non-public, such as addresses, phone numbers, social security
numbers, etc.  If such identifiers are required to be disclosed to opposing parties, you
may wish to file redacted versions for the public court file and serve opposing parties
with unredacted versions.  See NECivR 5.3, available on the court's Website at
www.ned.uscourts.gov.

      2.      The earliest defendant can file a motion to dismiss on the basis of immunity is:_____.

C.      If either jurisdiction or venue is being challenged, or if a defense of immunity will be raised, state whether counsel wish to delay proceeding with the initial phases of discovery until those issues have been decided, and if so:

      1.      The earliest a motion to dismiss or transfer will be filed is:_____.

      2.      The initial discovery, limited to that issue, that will be necessary to file or respond to the motion is _____

_____.

D.      <u>Rule 11 Certification</u>: As a result of further investigation as required by Fed. R. Civ. P. 11, after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered).

_____

_____.

II.    Remaining Claims and Defenses:

A.      <u>Plaintiff's Claims, Elements, Factual Application</u>: The elements of the plaintiff's remaining claims and the elements disputed by defendant are as follows. For each claim, list and number each substantive element of proof *and* the facts plaintiff claims make it applicable or established in this case (DO NOT repeat boilerplate allegations from pleadings):

      1.      CLAIM ONE:_____.

      Elements:_____

_____

_____

_____.

      Factual Application: _____

_____

_____

_____.

        Of these elements, defendant disputes the following numbered elements:_____.

(REPEAT FOR EACH CLAIM)

        B.    <u>Defenses</u>. The elements of the remaining affirmative defenses raised by the pleadings are as follows: List each <u>affirmative defense</u> raised or expected to be raised by the defendant(s), the substantive elements of proof for it, *and* how the defendant claims the facts of this case make such defense applicable or established. (DO NOT repeat boilerplate allegations from pleadings or deny matters on which plaintiff has the burden of proof):

        1.    FIRST DEFENSE:_____.

        Elements:_____

_____

_____

_____.

        Factual Application:_____

_____

_____

_____.

        Of these elements, plaintiff disputes the following elements:

_____.

(REPEAT FOR EACH DEFENSE)

III.    Amending Pleadings; Adding Parties:

        A.    The plaintiff does _____ does not _____ anticipate need to amend pleadings or add parties. If necessary, plaintiff can file the necessary motions to add parties or amend pleadings by _____

_____.

-5-

If more than sixty days, the reasons that much time is necessary are

_____.

B.     The defendant does _____ does not _____ anticipate need to amend pleadings or add parties.  If necessary, defendant can file the necessary motions to add parties or amend pleadings by _____

_____.

If more than sixty days, the reasons that much time is necessary are:_____

_____.

C.     Plaintiff _____ will not _____ move for class certification.  The proposed class is: _____.

The earliest the motion for class certification can be filed is:_____

_____.

IV.    Dispositive Motion Assessment:

A.     The following claims and/or defenses may be appropriate for disposition by early motion to dismiss: _____

_____.

B.     The following claims and/or defenses may be appropriate for disposition by summary judgment or partial summary judgment:_____

_____.

C.     The discovery necessary to determine whether to file dispositive motions on such claims and/or defenses is _____.

It can be completed, at the earliest, by _____.

V.     Settlement:

A.     Status/Assessment of Settlement Discussions.  Counsel state:

_____ There have been no efforts taken yet to resolve this dispute.

-6-

_____ This dispute has been the subject of efforts to resolve it _____ prior to filing in court; _____ after court filing, but before the filing of this report. Those efforts consisted of:_____.

_____ Counsel believe that with further efforts in the *near* future, the case can be resolved, and the court is requested to delay entering an initial progression order for _____ days to facilitate immediate negotiations or mediation.  Defendant's counsel will report to the court by letter at the end of this period on the status of such discussions.

_____ Counsel have discussed the court's Mediation Plan and its possible application in this case  with clients *and* opposing counsel.  Mediation _____ will be appropriate in this case at some point; _____ will not be appropriate because:_____.

_____ This case can be settled, but settlement is not very likely, and negotiations will be difficult because:_____.

_____ This case will not be settled because:_____.

B.    <u>Next Step</u>.  The *minimum* discovery needed to conduct further settlement discussions is:  By Plaintiff(s): _____.

By Defendant(s): _____.

This discovery will be completed by _____, and plaintiff(s) will then communicate to defendant(s) a written, updated settlement proposal.

VI.   Discovery Plan: The parties submit the following plan for their completion of discovery:

A.    <u>Subjects for Discovery</u> (i.e., factual issues that discovery may resolve):

_____

_____

_____.

B.    <u>Agreed Discovery Procedures</u>:

-7-

1.      Unique Circumstances.  The following facts or circumstances unique to this case will make discovery more difficult or more time consuming:_____

_____

_____.

Counsel have agreed to the following actions to address that difficulty:_____

_____.

2.      Electronic Discovery Provisions: Counsel have conferred regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

(a)     The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;

(b)     The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

(c)     The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;

(d)     Whether reasonable measures have been implemented to preserve such data;

(e)     The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;

(f)     The form and method of notice of the duty to preserve;

(g)     Mechanisms for monitoring, certifying, or auditing custodial compliance;

(h)     Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;

(i)     Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;

(j)     The anticipated costs of preserving these materials and how such costs should be allocated; and

-8-

(k)     The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

_____ No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

_____ The following provisions should be included in the court's scheduling order: _____

_____.

3.      Disclosures[2] required by Rule 26(a)(1), including a statement of how each matter disclosed relates to the elements of the disclosing party's claims or defenses _____ have been completed; _____ will be completed by: _____

_____.

4.      Discovery will be conducted in stages or otherwise restricted, as follows (State agreed restrictions, stages, scheduling stays, etc.). NOTE: The court will expect discovery necessary to considering the matters in Parts IV and V above to be undertaken first, unless there is good reason to delay it. _____

_____

_____.

5.      _____   Is the maximum number of interrogatories, including sub-parts, that may be served by any party on any other party.

6.      _____   Is the maximum number of depositions that may be taken by plaintiffs as a group and defendants as a group.

---

[2]See note 1, supra.

-9-

7.      _____      Depositions will be limited by Rule 30(d)(2), *except* the depositions of _____, which by agreement shall be limited as follows: _____ _____.

8.      If expert witnesses are expected to testify at the trial, counsel agree to at least identify such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2)), by: _____.

9.      The parties stipulate that they will be required to give at least _____ days' notice of their intention to serve records/documents or subpoenas on third parties, to enable court consideration of them, if necessary, prior to issuance.

10.     Other special discovery provisions agreed to by the parties or suggested by either party are: _____ _____ _____.

VII.    Trial Scheduling:

A.      The parties now anticipate that the case can be ready for trial by _____, 20___, and (if more than eight months from now) the special problems or circumstances that necessitate that much time for trial preparation are: _____ _____.

B.      Counsel think that the trial of this case, if necessary, will require _____ trial days.

C.      <u>Jury Trial</u>:

1.      _____      Having previously demanded jury trial, the plaintiff now waives jury trial.  Defendant will file a demand for jury trial within _____ days of the filing of this report, in the

-10-

absence of which jury trial will be deemed to have been waived.

2. _____ Having previously demanded jury trial, the defendant now waives jury trial.  Plaintiff will file a demand for jury trial within _____ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

3. _____ The parties disagree on whether trial by jury is available in this case.  A motion to strike the _____'s demand for jury trial will be filed no later than _____.

VIII.   Other: Other matters to which the parties stipulate and/or which the court should know or consider: _____ _____.

Dated:_____


_____               _____
Counsel for Plaintiff                                     Counsel for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: _____ , and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:_____.

s/_____

-12-